The document below is hereby signed.

Signed: June 21, 2016



*S. Martin Teel Jr.*

S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| ROSE ISBELL, | ) | Case No. 15-00462 |
| | ) | (Chapter 7) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter |

MEMORANDUM DECISION AND ORDER
DENYING MOTION FOR RECONSIDERATION OF ORDER
<u>OVERRULING OBJECTION TO DEBTOR'S CLAIMS OF EXEMPTIONS</u>

Paley, Rothman, Goldstein, Rosenberg, Eig & Cooper, a creditor in this case, has filed a *Motion for Reconsideration of Order Overruling Objection to Debtor's Claims of Exemptions* (Dkt. No. 120). For reasons explained below, the *Motion* will be denied.

In deciding where a debtor "earns the major portion of his livelihood" for purposes of D.C. Code § 15-501(a), commonsense dictates that a livelihood is not being earned from the rental of a condominium unit if the property, after deducting condominium fees and other cash expenses, is producing no net income. As noted in this court's oral decision addressing the objection to the debtor's exemptions, the court in *United States v. Valdes*,

No. 12 80234 CR, 2013 WL 5561131, at *4 (S.D. Fla. Oct. 4, 2013), stated the following:

> Webster's Dictionary and Black's Law Dictionary define "livelihood" as "means of support or subsistence." . . . The American Heritage Dictionary of the English Language, Fourth Edition (2000) defines "livelihood" as "means of support; subsistence." . . . Collins English Dictionary defines the term as "occupation or employment." Random House Kernerman Webster's College Dictionary defines the term as "a means of supporting one's existence, esp. financially or vocationally; living."

The debtor's renting of her condominium in Bethesda, Maryland was done at a net cash loss.[1] It was not her means of support or subsistence and thus was not a livelihood. Instead, her wages were her means of support or subsistence, constituting her livelihood, and those wages were earned in the District of Columbia.

    The creditor who has objected to the debtor's exemptions contends that the debtor earned the major portion of her livelihood from the rental of the condominium unit because the gross rents exceeded her wages from employment. In seeking reconsideration of the court's ruling to the contrary, the creditor contends that this court's reliance on *Valdes*'s definition of livelihood was misplaced, and that *Valdes* actually requires the court to focus on gross revenues instead of whether

---

[1] I need not address whether rents contribute to a debtor's livelihood if there is a positive cash flow before depreciation, that is, whether no livelihood is earned from rents if depreciation wipes out a positive cash flow.

2

a profit was obtained.

In *Valdes*, the issue was whether the defendant was a person engaged in the business of dealing in firearms, defined in 18 U.S.C. § 921(a)(21)(C) as a person who "devotes time, attention, and labor to dealing in firearms as a regular course of trade or business with the **principal objective of livelihood and profit** through the repetitive purchase and resale of firearms, but such term shall not include a person who makes occasional sales, exchanges, or purchases of firearms for the enhancement of a personal collection or for a hobby, or who sells all or part of his personal collection of firearms." (Emphasis added.)  In turn, the phrase "principal objective of livelihood and profit" is defined in 18 U.S.C. § 921(a)(22) as meaning "that the intent underlying the sale or disposition of firearms is predominantly one of obtaining livelihood and pecuniary gain, as opposed to other intents, such as improving or liquidating a personal firearms collection."

Whether there was an intent of obtaining livelihood and pecuniary gain was the focus of the statute in *Valdes*, not whether such livelihood and pecuniary gain were actually earned. Here, in contrast, intent of obtaining livelihood or pecuniary gain is not the issue.  Instead, the issue is the extent to which a livelihood is actually earned by a particular source of income. Specifically, the issue under D.C. Code § 15-501(a) is whether

3

the debtor "earns the major portion of [the debtor's] livelihood in the District of Columbia." The focus of § 15-501(a) is on the debtor's earning his livelihood, not on the debtor's intent, successful or not, to earn a livelihood.

The issue is not whether the renting of the condominium unit was a trade or business. If it was a trade or business, it was remarkably unsuccessful in turning a cash profit to contribute towards the debtor's earning a livelihood. The gross rents may have been "earnings" as that term is used in D.C. Code § 15-503(a) and (b) regarding exempting earnings from attachment, but those earnings failed to earn the debtor a livelihood. The debtor's sole source of actually earning a livelihood was her wages earned in the District of Columbia. She thus qualified to claim exemptions under D.C. Code § 15-501(a).

It is

ORDERED that the *Motion for Reconsideration of Order Overruling Objection to Debtor's Claims of Exemptions* is DENIED.

[Signed and dated above.]

Copies to: Recipients of e-notification of orders.